UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. DRAPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORP., et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-02526 TLN AC PS<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned in by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. <u>See</u> 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint

must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. THE COMPLAINT

The putative complaint is difficult to understand. Plaintiff alleges various illegal acts by defendants, including the illegal use of copyrights and human trafficking. Many of the allegations are illegible; most of the legible content of the document is incomprehensible. ECF No. 1 at 3-4. The complaint contains no identifiable cause of action against any defendant. Id. Plaintiff includes a document showing that another case that he filed in this court, in June of 2017, was dismissed with leave to amend. Id. at 7. The deadline for amendment in that case was September 15, 2017. Id.[1]

## III. ANALYSIS

The complaint does not contain facts supporting any cognizable legal claim against any defendant. The court finds that the complaint consists entirely of fanciful and delusional allegations with no basis on law and no plausible supporting facts. See ECF No. 1.

To the extent plaintiff intends the instant complaint as an amendment in another action, he cannot amend by filing a separate case. Because it is not at all clear that this was intended,[2] the undersigned will not construe the instant complaint as an amended complaint in Case No. 2:17-cv-1299 KJM AC, or order the instant complaint filed in that case. In any event, such amendment would be untimely. If plaintiff wishes to take any action in relation to Case No. 2:17-cv-1299 KJM AC, he must file documents under that case number.

For all these reasons, it is apparent that amendment of the present matter would be futile. The undersigned will therefore recommend that the complaint be dismissed with prejudice.

## V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

---

[1] See Draper v. Google, 2:17-cv-1299 KJM AC.
[2] Although the two actions involved three of the same defendants (Google, Microsoft, and Facebook), the undersigned is unable to determine from review of the two complaints whether they arise from any common facts. Nothing in the instant complaint refers to the previous action or addresses any of the defects identified in the order granting leave to amend in that case.

3

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: December 4, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE